IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DAVID MARTIN CAMPBELL, )
AIS #231287, )
 )
    Plaintiff, )
 )
v. ) CIVIL ACTION NO. 2:10-CV-694-WC
 ) [WO]
 )
WILLIE THOMAS, et al., )
 )
    Defendants. )

**MEMORANDUM OPINION**

    This case is before the court on a 42 U.S.C. § 1983 complaint filed by David Martin Campbell ["Campbell"], a state inmate currently confined at the Draper Correctional Facility, in which he challenges the frequency of when he is provided batteries for his hearing aids. Campbell seeks preliminary injunctive relief under Rule 65, *Federal Rules of Civil Procedure*, requiring the defendants to provide him batteries upon request without delay, *Plaintiff's Complaint - Court Doc. No. 1* at 9, and compelling the defendants to maintain a "supplie (sic) of hearing aid batteries at the Draper pill call window" for availability to plaintiff at any time. *Motion for Preliminary Injunction - Court Doc. No. 28* at 2.

    The defendants filed written reports addressing the claims presented in the complaint and a response in opposition to the motion for preliminary injunction. These responses contain relevant evidentiary materials, including affidavits and medical records. The

medical records and other evidentiary materials submitted by the defendants establish Campbell has a standing order from health care personnel "to report to HCU every 10 days for hearing aid batteries." *Medical Defendants' Exhibit 1 to the September 8, 2010 Special Report - Court Doc. No. 7-2* at 8. They further maintain these "[b]atteries ... should at a minimum last for two week increments." *Medical Defendants' Exhibit 1 to the Response in Opposition to Motion for Preliminary Injunction - Court Doc. No. 30-1* at 2.

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Campbell demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306  *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary);

*Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper"). "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.' *Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fl.*, 896 F.2d 1283, 1284 (11th Cir.1990)." *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

In response to the motions for preliminary injunction, the defendants maintain Campbell is on a schedule to receive batteries for his hearing aids every ten days and the batteries provided are projected by the manufacturer to last at least the period of time prescribed for Campbell.

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court finds that Campbell has failed to demonstrate a substantial likelihood of success on the merits of his claims. Campbell also fails to demonstrate a substantial threat that he will suffer the requisite irreparable injury absent issuance of a preliminary injunction. The third

factor, balancing potential harm to the parties, weighs more heavily in favor of the defendants at this time because issuance of the requested injunction would interfere with the treatment decisions of medical personnel.  Finally, the public interest element of the equation is a neutral factor at this juncture.  Thus, Campbell has failed to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of a preliminary injunction and his motions are therefore due to be denied.

      A separate order will accompany this memorandum opinion.

      Done this 24th day of June, 2011.


                    /s/ Wallace Capel, Jr.
                    WALLACE CAPEL, JR.
                     UNITED STATES MAGISTRATE JUDGE